Filed 7/23/13  P. v. Rivera CA4/2

## NOT TO BE PUBLISHED IN OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FOURTH APPELLATE DISTRICT

## DIVISION TWO

| | |
|---|---|
| THE PEOPLE, | |
| Plaintiff and Respondent, | E057463 |
| v. | (Super.Ct.No. RIF1202319) |
| DAVID ANTHONY RIVERA, | OPINION |
| Defendant and Appellant. | |

APPEAL from the Superior Court of Riverside County.  Edward D. Webster, Judge.  (Retired judge of the Riverside Super. Ct. assigned by the Chief Justice pursuant to art. VI, § 6 of the Cal. Const.)  Affirmed.

Jeanine G. Strong, under appointment by the Court of Appeal, for Defendant and Appellant.

No appearance for Plaintiff and Respondent.

1

Defendant David Anthony Rivera appeals from his conviction on one count of residential burglary, following a jury trial. We will affirm the conviction.

## PROCEDURAL HISTORY

Defendant was charged with one count of residential burglary, with the enhancing allegation that a person other than an accomplice was present within the residence at the time of the burglary. (Pen. Code, §§ 459, 667.5, subd. (c)(21); count 1.)[1] He was also charged with misdemeanor use of force against a peace officer. (§ 243, subd. (b); count 2.)[2] Two prison priors were also alleged. (§ 667.5, subd. (b).)

Prior to trial, defendant waived his right to a jury trial as to count 2 and pleaded guilty.

A jury found defendant guilty on count 1 and found the section 667.5, subdivision (c)(21) allegation true. In a separate proceeding, defendant waived his right to a jury trial on the prison prior allegations. He admitted both allegations, which the court then found true.

The court sentenced defendant to the middle term of four years on count 1 and imposed two consecutive one-year terms for the prison priors. The court also imposed a concurrent term of six months in county jail on count 2.

---

[1] All statutory citations refer to the Penal Code.

[2] Count 2 was based on defendant spitting on one of the arresting officers.

2

Defendant filed a timely notice of appeal from the felony conviction only.

FACTS

On April 24, 2012, defendant entered a garage attached to a residence belonging to and occupied by John Gouveia. Gouveia had just returned from shopping and had left the garage door open while he unloaded the car. While Gouveia was inside the house, defendant entered the garage and took a purple radio and a box of trash bags. A neighbor saw defendant enter and leave the garage and alerted Gouveia. Gouveia and his neighbor walked in the direction defendant had gone and saw him a few houses down the street. The two men stopped him, and Gouveia recognized the items as his. Defendant attempted to run, but the two men again stopped him and called the police.

DISCUSSION

We appointed counsel to represent defendant on appeal. After examination of the record, counsel filed an opening brief raising no issues and asking this court to independently review the record. We offered defendant the opportunity to file any supplemental brief he deemed necessary, but he did not do so.

We have examined the entire record. We are satisfied that defendant's attorney has fully complied with her responsibilities and that no arguable issues exist. (*People v. Kelly* (2006) 40 Cal.4th 106, 109-110; *People v. Wende* (1979) 25 Cal.3d 436, 441.)

In reaching this conclusion, we examined several matters mentioned by appointed counsel but not argued. First, we consider the sufficiency of the evidence to support both the finding that the garage was attached to the residence so as to be a part of the residence

3

for purposes of residential burglary and the finding that a person other than an accomplice was present within the residence at the time of the burglary for purposes of the enhancement alleged under section 667.5, subdivision (c)(21). Substantial evidence supports both the guilty verdict and the enhancement.[3]

Second, we consider the sufficiency of the evidence to support instructing the jury that if the defendant fled or tried to flee immediately after the crime was committed, that conduct may be deemed to show a consciousness of guilt. (CALCRIM No. 372.) Again, substantial evidence supports the decision to give the instruction.

Third, we consider whether the trial court abused its discretion by declining to strike the prison prior enhancements and/or the section 667.5, subdivision (c)(21) enhancement. In deciding not to exercise its discretion in this manner, the trial court considered both the circumstances of the current offense and defendant's very extensive history of convictions and probation violations and determined that on balance, the enhancements should not be stricken. There was no abuse of discretion.

---

[3] The section 667.5, subdivision (c)(21) enhancement has no sentencing effect. Rather, it makes residential burglary, which is a serious offense (§ 1192.7, subd. (c)(18)), into a violent offense.

DISPOSITION

The judgment is affirmed.

NOT TO BE PUBLISHED IN OFFICIAL REPORTS

McKINSTER _____
Acting P.J.

We concur:


RICHLI _____
J.


KING _____
J.

5